IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| **DONALD RAY BLACK,** | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-06-CA-845-LY |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Brief and Memorandum of Law in Support of Petition for Writ of Habeas Corpus (Document 7); Petitioner's Supplemental Brief and Memorandum of Law in Support of Petition for a Writ of Habeas Corpus (Document 25); Respondent's Answer (Document 28); and Petitioner's response thereto (Document 30). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

A.     **Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 277th Judicial District Court of Williamson County, Texas.  On July 11, 1988, pursuant to a plea bargain agreement, Petitioner was convicted of indecency with a child and was sentenced to 20 years in prison.  Petitioner did not appeal his conviction.

He did, however, challenge his conviction in four state applications for habeas corpus relief. All were denied.  Ex parte Black, Appl. Nos. 19,445-01 to -04.  Petitioner subsequently filed a federal application for habeas corpus relief. Petitioner's federal application for habeas corpus relief was denied on November 18, 1994.  Black v. Collins, No. A-94-CA-278-JN (W.D. Tex. Nov. 18, 1994).

On February 9, 1995, Petitioner was released to mandatory supervision.  Petitioner was returned to prison on August 7, 1995.  Petitioner was returned to prison with credit for time spent in jail from May 6, 1995, but without credit for his street time.  Petitioner challenged such action in his second federal application for habeas corpus relief.  It was dismissed for failure to exhaust state court remedies on March 10, 1998.  Black v. Johnson, No. A-97-CV-915-JN (W.D. Tex. Mar. 10, 1998).  Petitioner then returned to state court with his fifth state application for habeas corpus relief. His fifth application was denied on September 9, 1998.  Ex parte Black, Appl. No. 19,445-05. Subsequently, Petitioner filed his third federal application for habeas corpus relief.  However, the application was dismissed as time-barred.  Black v. Johnson, No. A-98-CV-777-JN (W.D. Tex. Feb. 18, 1999).

On November 24, 1999, Petitioner was again released to mandatory supervision. His supervision was revoked on April 21, 2004, with credit for time spent in jail from March 19, 2004.[1] On May 4, 2004, TDCJ-Institutional Division Classification and Records Office determined Petitioner was not eligible for "street-time." Petitioner challenged this action in his sixth state application for habeas corpus relief. The state application was dismissed for failure to exhaust his administrative remedies regarding his time-credit dispute. Ex parte Black, Appl. No. 19,445-06. Following this, Petitioner filed a fourth federal application for habeas corpus relief. Recognizing that he had not exhausted his state court remedies, Petitioner voluntarily withdrew his federal application and returned to state court. Black v. Dretke, A-06-CV-305-LY (W.D. Tex. July 17, 2006). Petitioner then filed his seventh state application for habeas corpus relief. Petitioner's application was denied on September 20, 2006. Ex parte Black, Appl. No. 19,445-07.

Petitioner is now before this Court with his fifth federal application for habeas corpus relief. He raises the following grounds for relief:

1. His guilty plea was entered involuntarily because Petitioner had not been admonished of the sex-offender registration requirements or that he would not be entitled to street time if revoked from terms of parole;

2. The State has breached the 20-year sentence plea agreement because the State has denied him street-time credit for his unsuccessful term on parole;

3. He is being confined pursuant to an illegal sentence, because he has not been given street-time credits and inmates cannot be forced to serve their sentence in installments nor agree to an illegal sentence; and

---

[1] Petitioner is under the impression his parole was revoked on May 13, 2004. The state court records clearly show mandatory supervision was revoked on April 21, 2004, and that Petitioner was returned to TDCJ on May 13, 2004. Ex parte Black, Appl. No. 19,445-06 at 20, 67.

    4.      With respect to each claim above, Petitioner was denied due process, a fair trial, ineffective assistance of counsel, and equal protection, and is being subjected to illegal seizure and cruel and unusual punishment.

Petitioner's instant federal application for habeas corpus relief was transferred to the Fifth Circuit Court of Appeals because Petitioner had not obtained prior approval to file a successive petition. The Fifth Circuit returned the application to the District Court, denying Petitioner permission to challenge his guilty plea based upon the sex-offender registration requirement and determining Petitioner's remaining claims are not necessarily successive. The Circuit noted the District Court was free to determine with more specificity whether Petitioner's remaining claims are successive. Accordingly, the only claims currently before the Court are those challenging the denial of street-time credit after Petitioner's April 21, 2004 revocation.

## II. DISCUSSION AND ANALYSIS

**A.     Successive**

On April 24, 1996, significant amendments were made to the habeas corpus statute by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Title 28 U.S.C. § 2244(b) was amended to provide that before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See, 28 U.S.C. § 2244(b)(3).

The AEDPA does not define what constitutes a second or successive habeas petition, but "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Rather, the Fifth Circuit finds that "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the

writ." Id.  "The sole fact that new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission." Crone v. Cockrell, 324 F.3d 833, 837 (5th Cir. 2003) (quoting McGary v. Scott, 27 F.3d 181, 184 (5th Cir. 1994)).  Finally, a petition that is refiled after it was dismissed for failure to exhaust state remedies is not a second or successive petition. In re Gasery, 116 F.3d 1051, 1052 (5th Cir. 1997).

Under these standards, Petitioner' current habeas petition is not necessarily successive. Some of the facts necessary to raise Petitioner's current challenges to his sentence occurred after the revocation of his mandatory supervision on April 21, 2004, and after his third federal habeas application.[2] Petitioner's fourth federal application was voluntarily withdrawn by Petitioner because he had not exhausted his state court remedies. Because the Court did not consider the merits of Petitioner's claims filed in his fourth application, Petitioner's fifth application is not considered successive to his fourth application. Accordingly, Petitioner's application should not be dismissed as successive.

**B.    Statute of Limitations**

The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] The Court recognizes Petitioner could have raised the same legal issue after his mandatory supervision was revoked in 1995. However, that claim would have applied solely to his 1995 revocation.

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner admits he was aware of his claims no later than May 13, 2004. Absent any tolling, Petitioner's federal application was therefore due on or before May 13, 2005. Petitioner did not execute his federal application until October 13, 2006, more than a year after the expiration of the limitations period.

Petitioner's state applications for habeas corpus relief do not operate to toll the limitations period. Both were filed after the federal limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (stating a state habeas application filed after the federal limitations period had expired does not toll the limitations period).

Specifically, Petitioner did not file his sixth state application raising the claims that are raised in his instant federal application until August 8, 2005. Petitioner indicates he filed a time credit dispute prior to the filing of his state application, which he contends further tolls the limitations period. However, the state court records reflect as of August 29, 2005, Petitioner had not filed a time credit dispute resolution form with the Classification and Records Department of the Texas Department of Criminal Justice. Ex parte Black, Appl. No. 19,445-06 at 21. Petitioner indicates his

time credit dispute was attached to his sixth state application for habeas corpus relief as Exhibit 2. Exhibit 2 is an information sheet from the State Counsel for Offenders Office that was provided to Petitioner regarding his street-time claims. Id. at 12. It is not a time credit dispute and does not toll the limitations period. Petitioner's seventh state application was not filed until July 14, 2006, also afer the expiration of the limitations period.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of June, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE